CLERK'S OFFICE U.S. DISTRICT COURT
AT ROANOKE VA. - FILED

JUN 09 2009

JOHN F. CORCORAN, CLERK
BY: /s/ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| PHILLIP B. REAMEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 6:08cv021 |
| v. | ) |
| | ) |
| MICHAEL J. ASTRUE, | ) By: Michael F. Urbanski |
| Commissioner of Social Security, | ) United States Magistrate Judge |
| | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

Plaintiff Phillip B. Reamey ("Reamey") brought this action for review of the Commissioner of Social Security's ("Commissioner") decision denying his claim for disability insurance benefits and supplemental security income benefits under the Social Security Act (the "Act"). Reamey claims disability based on low back pain and spasm. On appeal, Reamey contends that this case should be remanded for consideration of new medical evidence regarding his back surgery performed a few months after the Administrative Law Judge's ("ALJ") decision denying disability benefits. This evidence was submitted to the Appeals Council but not considered by it or incorporated into the administrative record as it is dated after the ALJ's decision. As the new back surgery evidence is new, material and relates to the period prior to the ALJ's decision, it should have been considered by the Commissioner before the disability decision became final. This is especially true given the fact that the Commissioner subsequently awarded disability benefits to Reamey, commencing the day after the ALJ's decision.

Accordingly, it is **RECOMMENDED** that this case be remanded to the Commissioner under sentence six of 42 U.S.C. § 405(g) for further administrative consideration.

# I

Section 405(g) of Title 42 of the United States Code authorizes judicial review of the Social Security Commissioner's denial of social security benefits. Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001). "'Under the Social Security Act, [a reviewing court] must uphold the factual findings of the [ALJ] if they are supported by substantial evidence and were reached through application of the correct, legal standard.'" Id. (alteration in original) (quoting Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996)). "Although we review the [Commissioner's] factual findings only to establish that they are supported by substantial evidence, we also must assure that [his] ultimate conclusions are legally correct." Myers v. Califano, 611 F.2d 980, 982 (4th Cir. 1980).

The court may neither undertake a de novo review of the Commissioner's decision nor re-weigh the evidence of record. Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992). Judicial review of disability cases is limited to determining whether substantial evidence supports the Commissioner's conclusion that the plaintiff failed to satisfy the Act's entitlement conditions. See Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966). Evidence is substantial when, considering the record as a whole, it might be deemed adequate to support a conclusion by a reasonable mind, Richardson v. Perales, 402 U.S. 389, 401 (1971), or when it would be sufficient to refuse a directed verdict in a jury trial. Smith v. Chater, 99 F.3d 635, 638 (4th Cir. 1996). Substantial evidence is not a "large or considerable amount of evidence," Pierce v. Underwood, 487 U.S. 552, 565 (1988), but is more than a mere scintilla and somewhat less than a preponderance. Perales, 402 U.S. at 401. If the Commissioner's decision is supported by substantial evidence, it must be affirmed. 42 U.S.C. § 405(g); Perales, 402 U.S. at 401.

2

"Disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The "[d]etermination of eligibility for social security benefits involves a five-step inquiry." Walls v. Barnhart, 296 F.3d 287, 290 (4th Cir. 2002). This inquiry asks whether the claimant (1) is working; (2) has a severe impairment; (3) has an impairment that meets or equals the requirements of a listed impairment; (4) can return to his or her past relevant work; and if not, (5) whether he or she can perform other work. Heckler v. Campbell, 461 U.S. 458, 460-462 (1983); Johnson v. Barnhart, 434 F.3d 650, 654 n.1 (4th Cir. 2005) (citing 20 C.F.R. § 404.1520). If the Commissioner conclusively finds the claimant "disabled" or "not disabled" at any point in the five-step process, he does not proceed to the next step. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). Once the claimant has established a prima facie case for disability, the burden then shifts to the Commissioner to establish that the claimant maintains the residual functional capacity ("RFC"),[1] considering the claimant's age, education, work experience, and impairments, to perform alternative work that exists in the local and national economies. 42 U.S.C. § 423(d)(2)(A); Taylor v. Weinberger, 512 F.2d 664, 666 (4th Cir. 1975).

---

[1] RFC is a measurement of the most a claimant can do despite his limitations. See 20 C.F.R. §§ 404.1545(a), 416.945(a). According to the Social Security Administration:

> RFC is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis. A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent work schedule.

Social Security Regulation (SSR) 96-8p. RFC is to be determined by the ALJ only after he considers all relevant evidence of a claimant's impairments and any related symptoms (e.g., pain). See 20 C.F.R. §§ 404.1529(a), 416.929(a).

## II

Reamey was born in 1959 (Administrative Record, hereinafter "R." 228), and at the time of the ALJ's decision he was considered a "younger individual" under the Act. 20 C.F.R. §§ 404.1563(b), 416.963(b). He completed the eleventh grade, and stated that he can read and write "somewhat" and do basic math. (R. 229.) Reamey worked for more than thirty years doing auto body work. (R. 230.) Reamey alleges a disability onset date of April 30, 2004, contending that pain and spasm in his lower back caused him not to be able to meet the physical demands of that work. (R. 232.) The record also contains evidence of alcohol abuse, (R. 241), as Reamey told the ALJ he had consumed eight beers the night before the hearing. (R. 241.) Reamey's application for benefits was rejected by the Commissioner initially and again upon reconsideration. An administrative hearing was convened before an ALJ via video conference on June 29, 2006. (R. 225-46.) The ALJ found that Reamey retained the RFC to perform a wide range of unskilled work at the light exertional level. (R. 20.) Relying on the testimony of a vocational expert ("VE"), the ALJ found that Reamey was capable of performing certain light and sedentary jobs that exist in significant numbers in the national economy, and thus was not disabled under the Act. (R. 23.)

Reamey requested that the Appeals Council review the ALJ's decision and submitted additional evidence to it. This evidence consisted of (1) the notice from Social Security that Reamey was determined to be disabled as of September 15, 2006 on a subsequent application; and (2) 87 pages of medical records covering the period of October 23, 2006 through January 4, 2007, including records documenting Reamey's low back surgery on December 22, 2006. There is no indication in the record of an intervening accident or any other event causing aggravation

of Reamey's low back pain between the date of the ALJ's decision, September 14, 2006, and his low back surgery on December 22, 2006.

When a claimant seeks review by the Appeals Council, the Council first makes a procedural decision to either grant or deny review. If the Appeals Council denies review, the denial renders final the decision of the ALJ. It is thus the decision of the ALJ, and not the procedural decision of the Appeals Council to deny review, that is subject to judicial scrutiny. See 20 C.F.R. §§ 416.1467-1481 (2004).

The Appeals Council must consider evidence submitted to it when it is deciding whether to grant review, "if the additional evidence is (a) new, (b) material, and (c) relates to the period on or before the date of the ALJ's decision." Wilkins v. Secretary, Dept. of Health & Human Servs., 953 F.2d 93, 95-96 (4th Cir. 1991) (en banc). Evidence is new if it is not duplicative or cumulative. Id. at 96. Evidence is material "if there is a reasonable possibility that the new evidence would have changed the outcome." Id. Where the Appeals Council considered the new evidence, but denied review, the Fourth Circuit requires that reviewing courts consider the record as a whole, including the new evidence, in order to determine whether the decision of the ALJ is supported by substantial evidence. See id.

The Appeals Council was aware that the Commissioner awarded Reamey benefits on a subsequent application. Indeed, it specifically noted such award but found that it "does not warrant a change" in the ALJ's decision. (R. 5.) As noted above, the Appeals Council also declined to consider the UVA surgery records as they came after the date of the ALJ's decision. (R. 6.)

Typically, when the Appeals Council receives evidence dated after the ALJ's decision and denies a request for review, it notes the evidence and includes it in the administrative record.

5

Here, in contrast, the Notice of Appeals Council Action states that while it considered the subsequent award of benefits, it did not consider the additional medical evidence "because the Administrative Law Judge decided your case through September 14, 2006. This new information is about a later time. Therefore, it does not affect the decision about whether you were disabled beginning on or before September 14, 2006." (R. 5-6.) Neither the subsequent award of benefits nor the UVA surgical records were incorporated into administrative record.[2]

Reamey argues that the Appeals Council should have considered the new and material evidence and awarded benefits to him as of an earlier date. Reamey seeks remand for further administrative consideration of this interim evidence presented to the Appeals Council but not considered by it and an appropriate backwards adjustment of the disability onset date.

### III

Consideration of new evidence that was not available to the claimant at the time of the administrative proceeding is governed by sentence six of 42 U.S.C. § 405(g). Sentence six authorizes a review court to remand a case to the Commissioner for further action "upon a showing that there is new evidence which is material and that there is good cause for failure to incorporate such evidence into the record in a prior proceeding."

Clearly, the Commissioner's decision to grant disability benefits on a subsequent application one day after the ALJ's unfavorable decision constitutes both new and material evidence. See Hayes v. Astrue, 488 F. Supp. 2d 560, 565 (W.D. Va. 2007) (Jones, J.) ("[W]here a second social security application finds a disability commencing at or near the time a decision on a previous application found no such disability, the subsequent finding of a disability may

---

[2] While these documents were not made part of the administrative record, Reamey submitted the notice of award of benefits on his second application, as well as certain portions of the surgical records, as exhibits to his Memorandum in Support of his Motion for Summary Judgment.

Case 6:08-cv-00021-NKM-mfu Document 18 Filed 06/09/09 Page 6 of 9 Pageid#: 98

constitute new and material evidence."); Reichard v. Barnhart, 285 F. Supp. 2d 728, 734 (S.D.W.Va. 2003) (finding the ALJ's decision granting disability benefits less than a week after he first pronounced claimant was not disabled is new and material evidence). While the grant of benefits in a subsequent application is not preclusive evidence as to a prior application, it can be new and material evidence warranting a remand. Hayes, 488 F. Supp. 2d at 565 (citing Bruton v. Massanari, 268 F.3d 824, 827 (9th Cir. 2001)); see also Wilkins, 953 F.2d at 96. The Commissioner's decision regarding Reamey's subsequent disability application granted him benefits as of the day after the ALJ's unfavorable decision at issue in this case.

Further, the surgical records submitted to the Appeals Council, while dated after the ALJ's decision, clearly relate to his back condition during the period prior to the ALJ's decision. Indeed, Reamey had complained of low back pain causing him not to be able to work since 2004. As Dr. John Jane of UVA noted, the December 16, 2006 CT myelogram showed a "4-5 disc on the right and a calcified disc at 5-1. Both of these are adequate to explain his pain." (Pl.'s Br. Ex. 2, at 2.) After the surgery was performed, Dr. Jane reported that the nerve root at both the L4-5 and L5-S1 levels had been impinged and compressed, and that the surgery had released the nerve roots. (Pl.'s Br. Ex. 2, at 5.) Of significance, the report of December 22, 2006 surgery noted that the "L5-S1 level had a large anterior calcified disk protusion. The disc was then opened and a diskectomy was performed in addition to removal of the calcified tissue impinging upon the nerve root. This thus freed up both the L5 and S1 nerve roots on the right." Id.

It is plain that the evidence presented to, but not considered by, the Appeals Council was new, material and relates to a period on or before the date of the ALJ's decision. There can be no dispute that it was new as the surgery did not take place until a few months after the ALJ's

decision. Likewise, it is not cumulative of any other medical records. Moreover, this information is material as there is a reasonable possibility that it would have changed the outcome, manifest both from the nature of the records themselves demonstrating an objective basis for Reamey's low back pain and spasm and from the Commissioner's subsequent decision to award benefits commencing the day after the ALJ's decision. Finally, as the reports document the existence of "a 4-5 disc on the right and a calcified disc at 5-1 . . . [b]oth of which are adequate to explain his pain," (Pl.'s Br. Ex. 2, at 2.), it seems rather likely that this calcified condition was present just three months before when the ALJ reached his decision. Certainly, the good cause requirement is met as well as the information was provided to the Appeal Council, but that body declined to consider it or include it in the record. Thus, this evidence meets all of the Wilkins requirements and should have been considered by the Appeals Council, and as well meets the requirements for a remand under sentence six.

## IV

It is the court's role to determine whether the Commissioner's decision is supported by substantial evidence. The Appeals Council should have considered the December 22, 2006 surgical records, as they plainly relate to Reamey's condition prior to the ALJ's decision. Further, there is a possible inconsistency between the denial of disability benefits and the subsequent grant of benefits based on the same alleged physical limitations only one day after the ALJ's unfavorable decision. Therefore, the undersigned recommends that, on remand, the Commissioner consider all of the evidence, including the medical records from the back surgery just a few months after the ALJ's decision and the later award of benefits, in determining whether an earlier disability onset date is warranted. See Hayes, 488 F. Supp. 2d at 565.

Accordingly, the undersigned recommends that this case be remanded pursuant to sentence six of 42 U.S.C. § 405(g) for further administrative proceedings consistent herewith.

The Clerk is directed to transmit the record in this case to Norman K. Moon, United States District Judge, and to provide copies of this Report and Recommendation to counsel of record. Both sides are reminded that pursuant to Rule 72(b), they are entitled to note any objections to this Report and Recommendation within ten (10) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned that is not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1)(C) as to factual recitations or findings as well as to the conclusion reached by the undersigned may be construed by any reviewing court as a waiver of such objection.

Enter this 8th day of June, 2009.

Michael F. Urbanski
United States Magistrate Judge